IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **KTAQ OF DALLAS, LLC,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| **v.** | § | Civil Action No. **3:12-CV-4102-L** |
| | § | |
| **MICHAEL F. SIMONS, INDIVIDUALLY;** | § | |
| **SIMONS ASSET MANAGEMENT, LLC;** | § | |
| **AND PROMISELAND TELEVISION** | § | |
| **NETWORK, INC.,** | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant Michael F. Simons', Simons Asset Management, L.L.C.'s and Promiseland Television Network, Inc.'s Motion for Extension of Deadline for Amendment of Pleadings and to Join Additional Parties (Doc. 28); Michael F. Simons', Simons Asset Management, L.L.C.'s and Promiseland Television Network, Inc.'s Motion for Leave to Amend Pleadings and Join Additional Parties (Doc. 30); and Michael F. Simons', Simons Asset Management, L.L.C.'s and Promiseland Television Network, Inc.'s Motion to Transfer Venue (Doc. 31), all of which were filed July 5, 2013. Also before the court is KTAQ of Dallas, LLC's Motion for Partial Summary Judgment Against Simons Asset Management, LLC (Doc. 34), filed July 15, 2013, and KTAQ of Dallas, LLC's Motion for Leave to File Motion for Partial Summary Judgment Against Defendant Michael F. Simons, Individually (Doc. 50), filed August 21, 2013.

After considering the motions, briefing by the parties, evidence, and applicable law, the court **denies** Michael F. Simons', Simons Asset Management, L.L.C.'s and Promiseland Television

Network, Inc.'s Motion to Transfer Venue (Doc. 31); **denies** Defendant Michael F. Simons', Simons

Asset Management, L.L.C.'s and Promiseland Television Network, Inc.'s Motion for Extension of

Deadline for Amendment of Pleadings and to Join Additional Parties (Doc. 28); **denies** Michael F.

Simons', Simons Asset Management, L.L.C.'s and Promiseland Television Network, Inc.'s Motion

for Leave to Amend Pleadings and Join Additional Parties (Doc. 30); **denies** KTAQ of Dallas,

LLC's Motion for Leave to File Motion for Partial Summary Judgment Against Defendant Michael

F. Simons, Individually (Doc. 50); and **denies without prejudice** KTAQ of Dallas, LLC's Motion

for Partial Summary Judgment Against Simons Asset Management, LLC (Doc. 34).

## I.      Procedural and Factual Background

Plaintiff KTAQ of Dallas, LLC ("KTAQ," "KTAQ of Dallas," or "Plaintiff")[1] brought this

action on October 12, 2012, against Defendants Michael F. Simons ("Simons"); Simons Asset

Management, LLC ("SAM"); and Promiseland Television Network, Inc. ("PTN") (collectively,

"Defendants").  KTAQ has asserted breach of contract claims against both Defendant (Counts 1-3)

and a claim for breach of fiduciary duty against Simons (Count 4).  KTAQ's claims arise from a

dispute involving two transactions.  The first transaction involves a loan between Platinum Debt

Group, LLC ("PDG"), as lender, and Simons Broadcasting, L.P. ("SBLP") as borrower.  The second

transaction is an Air Time Agreement between SBLP and PTN.

The limited partnership interest in SBLP is owned by Simons.  Simons is also the sole

member of SAM and the president and director of PTN.  PTN is a nonprofit organization that

promotes and sells airtime to religious organizations and commercial advertisers and purchased air

---

[1] According to Plaintiff's pleadings, the Dallas television station KTAQ is separate and distinct from Plaintiff KTAQ of Dallas, LLC.  To avoid confusion, the court refers to the former as "television station KTAQ."

**Memorandum Opinion and Order –Page 2**

time from Dallas television station KTAQ, which was owned and operated by SBLP.  PTN in turn provided programming that television station KTAQ broadcasted.

According to KTAQ's Complaint, SBLP defaulted under relevant loan documents in April 2008 and filed a voluntary Chapter 11 bankruptcy proceeding in the Western District of Texas, Waco Division, in November 2008.  In July 2010, a creditor of SBLP assigned its rights under the loan documents to KTAQ.  KTAQ alleges in this action that it has a deficiency claim against SBLP for approximately $4 million and is entitled to additional sums from PTN for amounts due and owing to SBLP under the Air Time Agreement as a result of its default under the agreement and its failure and refusal to pay amounts owed.  In addition, KTAQ alleges that Simons breached his fiduciary duty by failing to preserve the assets of insolvent SBLP for the benefit of creditors.[2]

In March 2010, an order was entered by the bankruptcy court confirming the Chapter 11 plan ("Plan") appointing Robert Milbank, Jr. ("Milbank") as the agent to implement the Plan and manage Debtor SBLP's assets and operations, including television station KTAQ. Throughout the bankruptcy proceeding and after confirmation of the Plan, PTN continued to purchase air time from and provide programming to television station KTAQ.  At an auction on June 28, 2010, PDG purchased television station KTAQ, which was subsequently assigned to Plaintiff KTAQ of Dallas.

On March 11, 2011, Milbank filed an adversary action in the bankruptcy case against Simons and PTN in the Western District of Texas, Waco Division (Case No. Adv-11-6005), seeking an order compelling compliance with the Plan and alleged that PTN and Simons had not provided documents

---

[2] The court's brief overview of KTAQ's claims in this case is merely a high-level summary and not meant to oversimplify the intricate details or complex nature of the transactions as pleaded in Plaintiff's First Amended Complaint. The specific facts surrounding the transactions are not set forth in this opinion because they are not necessary for the resolution of the parties' motions.

**Memorandum Opinion and Order –Page 3**

as required under the Plan[3] and had only remitted a portion of the payments received by PTN from customers that were due to SBLP under the Plan. After withdrawal of the reference, the adversary proceeding was designated and proceeded under Case Number 6:11-CV-172-WSS under the district court, with the bankruptcy court continuing to handle pretrial matters ("Waco Action" or collectively, "Waco Actions").

On June 18, 2012, PTN and Simons filed an amended answer in which they added KTAQ and others as parties and brought various state court claims against KTAQ that include tortious interference with current and prospective business relations; conversion; violations of the Texas Theft Liability Act; misappropriation of trade secrets; harmful access of a computer in violation of the Texas Penal Code; trespass to personalty; violations of the Federal Computer Fraud and Abuse Statute; and conspiracy. PTN and Simons allege that KTAQ and other parties are liable for the tortious conduct of Milbank and Everett Strong ("Strong"), an employee of PDG, for accessing and downloading on October 26, 2010, allegedly confidential and proprietary client information and files from PTN's computers located at PTN's headquarters. Simons and PTN allege that the downloading of information was unlawful and done without PTN's consent and caused damage to their current and prospective business relations.

On July 11, 2012, KTAQ moved to dismiss the cross claims. By order dated November 29, 2012, the bankruptcy court recommended that the motion to dismiss be granted and PTN's and Simons' cross claims be dismissed with prejudice. On February 7, 2013, the district court rejected the bankruptcy court's findings and recommendation and allowed PTN and Simons an opportunity

---

[3] Simons was required to "provide copies of records reasonably requested by the Plan Implementation Agent . . . that relate to the Debtor's business and operations." Confirmation Order ¶ 33.

**Memorandum Opinion and Order –Page 4**

to amend their pleadings to state sufficient facts in support of their claims.  On February 21, 2013, PTN and Simons filed an Amended Answer in which they asserted various affirmative defenses, as well as compulsory counterclaims against KTAQ, PDG, Platinum Equity LLC ("Platinum Equity"), Byrnes, Paramount Media Advisors, Inc. ("Paramount"), Milbank, and Strong for breach of contract, tortious interference, conversion, alleged violations of the TLA, misappropriation of trade secrets, harmful access of a computer in violation of the Texas Penal Code, trespass to personalty, alleged violations of the Federal Computer Fraud and Abuse Statute, and conspiracy.  Trial in the Waco Action was rescheduled several times and was set for October 7, 2013.

Plaintiff initiated this case on October 12, 2012.  Nine months later on July 5, 2013, Defendants moved to transfer venue of this case to the Western District of Texas, Waco Division, where the Waco Action is pending; to extend deadlines applicable to pleading amendments and joinder of parties; and for leave to amend their pleadings to join additional parties and assert counterclaims against the new parties.  On July 15, 2013, Plaintiff moved for partial summary judgment against SAM.  On August 21, 2013, Plaintiff moved for leave to file a second motion for partial summary judgment as to Simons.

## II.   Defendants' Motion to Transfer Venue

Defendants contend that this case should be transferred, pursuant to 28 U.S.C. § 1404(a), to the Western District of Texas, where the Waco Action is pending.

### A.    The Parties' Contentions

Defendants assert that the current forum is inconvenient for them and their witnesses, and that KTAQ will not be inconvenienced if the case is transferred to the Western District of Texas, Waco Division.  Defendants also contend that the action should be transferred to the Western District

of Texas, Waco Division, because a related bankruptcy and civil action involving the same parties and complex issues have been pending there since 2011, and if not transferred, there is a risk of inconsistent verdicts in the two different courts.

KTAQ opposes the Defendants' request to transfer the action because Defendants delayed in seeking to transfer the case.  KTAQ asserts: "The apparent motive of movants PTN and Simons is to create enough confusion in the Waco case so that yet another continuance of the trial date in that case will be necessary."  Pl.'s Resp. 1.  KTAQ contends that it will be prejudiced if the case is transferred because the Waco action has been pending since 2011 and it will not have an opportunity to conduct discovery, as the Waco Action is currently set for trial October 7, 2013.  KTAQ further asserts that Defendants have not met their burden of establishing that the Western District of Texas, Waco Division is more convenient or that defending in this forum would be inconvenient.

Defendants reply that it is KTAQ, not Defendants, whose motives should be questioned. Defendants contend that KTAQ engaged in forum shopping by bringing its claims in the Northern District of Texas, rather than the pending Waco Action to avoid the jury trial and  unfavorable rulings in that action.

### B.    Applicable Standard for a Section 1404(a) Transfer

With respect to section 1404(a), "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought."  28 U.S.C. § 1404(a).  In applying section 1404(a), a district court is to first determine "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed."  *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004)

(citing *In re Horseshoe Entm't*, 337 F.3d 429, 432 (5th Cir.), *cert. denied*, 540 U.S. 1049 (2003)).

Once this initial determination is made, a district court:

> turn[s] to the language of § 1404(a), which speaks to the issue of "the convenience of parties and witnesses" and to the issue of "in the interest of justice." The determination of "convenience" turns on a number of private and public interest factors, none of which [is] given dispositive weight. The private concerns include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. The public concerns include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of the application of foreign law.

*In re Volkswagen AG*, 371 F.3d at 203 (citations omitted).

Transfer of venue pursuant to 28 U.S.C. § 1404(a) is at the discretion of the court, considering "'[a]ll relevant factors to determine whether or not on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum.'" *Peteet v. Dow Chem. Co*., 868 F.2d 1428, 1436 (5th Cir. 1989) (quoting 15 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3847 at 370 (1986)). The moving party bears the burden of demonstrating that a change of venue is warranted. *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966); *Carlile v. Continental Airlines, Inc.*, 953 F. Supp. 169, 170 (S.D. Tex. 1997).

A plaintiff's choice of forum is entitled to some deference and generally should not be disturbed unless the balance of factors strongly favors the moving party, *see Houston Trial Reports, Inc., v. LRP Publ'ns, Inc.*, 85 F. Supp. 2d 663, 667 (S.D. Tex. 1999); however, a court may not attribute "decisive weight" to a plaintiff's choice of forum. A "[p]laintiff's choice of forum is clearly

a factor to be considered but in and of itself is neither conclusive nor determinative." *In re Horseshoe Entm't*, 337 F.3d at 434.

### C.    Discussion

In their First Amended Complaint ("Complaint"), Plaintiff alleges that venue is proper in the Northern District of Texas because Simons, SAM, and PTN is or was doing business in this district during the time pertinent to this case, and the Northern District of Texas is the district in which a substantial part of the events or omissions giving rise to Plaintiff's claims occurred. Defendants do not address whether venue is appropriate in Northern District of Texas. The court, based on Plaintiff's pleadings, therefore concludes that venue is appropriate in this judicial district and addresses whether transfer of this action to Western District of Texas, Waco Division is proper under section 1404(a).

The court agrees with Plaintiff that Defendants have not satisfied their burden under section 1404(a) of establishing that a change of venue to the Western District of Texas, Waco Division is warranted. In support of their motion, Defendants submitted information regarding activity in the Waco Actions and an affidavit by Simons who states: (1) he resides in Waco, Texas; (2) PTN's registered and principal business office is located in Waco, Texas; (3) PTN operates a television station in Dallas, Texas; (4) the bankruptcy filed by SBLP in federal court in Waco, Texas, is pending as of the date of Defendants' motion to transfer venue; and (5) SAM has never had an office in Dallas County, Texas; its office is in Waco, Texas. Defendants, however, submitted no evidence to support their contention that key witnesses, other than parties, are outside this court's subpoena range or that witnesses located in Waco, Texas, will be substantially inconvenienced if required to travel a short distance to Dallas. Likewise, Defendants have presented no evidence to establish that

**Memorandum Opinion and Order –Page 8**

evidence necessary for the defense of this action is "not located in this forum and is difficult to transport." Defs.' Mot. 12.

Further, after carefully comparing the pleadings in this case and the Waco Action, the court is not persuaded that claims currently pleaded in this case and the Waco Actions are sufficiently related.[4]  Although the cases involve some of the same parties and events that gave rise to the claims at issue, the factual basis for the claims asserted by Defendants in the Waco Action that are pending and set for trial October 7, 2013, is entirely different from the factual basis for Plaintiff's claims in this case.

As previously noted, the claims in the Waco Action involve Defendants' alleged failure to comply with the Plan and Defendants' claims against KTAQ and others pertaining to the allegedly wrongful misappropriation on October 26, 2010, of client information.  On the other hand, KTAQ's claims in this case pertain to its rights and Defendants' duties under the loan between PDG and SBLP and the Air Time Agreement between SBLP and PTN.  The bankruptcy involved these transactions but only insofar as they concerned the disposition of the assets of the bankruptcy estate, whereas KTAQ's claims in this case pertain to its postbankruptcy rights as to the transactions and assets that remain and Simons' alleged duty to preserve assets of insolvent SBLP.  Thus, although the claims in both cases share some facts in common, that are not sufficiently similar to warrant transfer of this action to the Western District of Texas, Waco Division, for possible consolidation with the Waco Action.  Moreover, consolidation of KTAQ's claims is unlikely since the trial in the Waco Action was scheduled to commence October 7, 2013.

---

[4] In making this determination, the court does not consider the new claims that Defendants seek to assert in this action, which are identical to those in the Waco Action alleged by Defendants against the same parties.

**Memorandum Opinion and Order –Page 9**

The court therefore disagrees that there is a risk of inconsistent rulings.  The court also disagrees with Defendants' contention, based on the number of cases pending in the two districts, that the resolution of Plaintiff's claims can be handled more efficiently and less expensively in the Western District of Texas, Waco Division.  Finally, the court suspects, based on the late timing of Defendants' motion to transfer venue, that some gamesmanship is afoot.[5]  For all of these reasons, the court determines that Defendants have not established that a transfer to the Waco Division is more convenient to the parties and witnesses, and in the interest of justice, and therefore have failed to carry their burden.  Accordingly, the court will deny Michael F. Simons', Simons Asset Management, L.L.C.'s and Promiseland Television Network, Inc.'s Motion to Transfer Venue (Doc. 31).

## III.    Defendants' Motion for Leave to Extend Deadlines, Amend Pleadings, and Join Parties

Defendants moved on July 5, 2013, to extend the July 5, 2013 deadlines applicable to pleading amendments and joinder of parties.  Defendants seek to add as parties PDG, Platinum Equity LLC ("Platinum Equity"), Byrnes, Paramount Media Advisors, Inc. ("Paramount"), Milbank, and Strong.  Defendants seek to assert the following claims against KTAQ and the new parties: breach of contract, tortious interference, conversion, alleged violations of the TLA, misappropriation of trade secrets, harmful access of a computer in violation of the Texas Penal Code, trespass to personalty, alleged violations of the Federal Computer Fraud and Abuse Statute, and conspiracy.

---

[5] Although this action was filed October 12, 2012, and Defendants were fully aware that the cases in Waco had been pending for quite sometime, they waited almost nine months to file their motion to transfer venue.  Moreover, when Defendants filed their motion to transfer venue on July 5, 2013, the trial in the Waco Action was scheduled to commence on August 12, 2013.  Defs.' Mot. 10.

**Memorandum Opinion and Order –Page 10**

KTAQ counters that Defendants should not be permitted to amend their pleadings to add these new parties or assert the aforementioned claims against it or the new parties because the exact same claims by Defendants were asserted in the Waco Action. The court agrees.

The provision of Rule 15(a)(2) of the Federal Rules of Civil Procedure that states "[t]he court should freely give leave when justice so requires" is not without limitation. The decision to allow amendment of a party's pleadings is within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994) (citation omitted). In determining whether to allow an amendment of the pleadings, a court considers the following: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 566 (5th Cir. 2003) (citation omitted).

Defendants acknowledge that the new claims they seek to assert against the new parties are already at issue in the Waco Action. Defendants further acknowledge that they "strongly believe that these issues should be dealt with by the District Court in Waco as stated in the Motion to Transfer Venue," but filed the present motions to comply with this court's deadline for amendment of pleadings and joinder of additional parties. Defs.' Mot. 9 (Doc. 30). The court agrees with Defendants that the court in the Waco Action is the appropriate court to decide the claims at issue because the claims are pending in that court and set for trial in that action this month. For the same reason, the court questions Defendants' motives for requesting to assert claims against parties that are already pending and set for trial in the Waco Action. The court will not allow Defendants to add

these new parties and new claims in an attempt to "shoehorn" this case to fit the issues in the Waco Action in order to obtain a transfer of this action to the Western District of Texas, Waco Division. Further, because the same claims against the same parties have been at issue for some time in the Waco Action, the court questions Defendants' motive for delaying until July 5, 2013, the deadline set forth in the April 24, 2013 Scheduling Order for amendment of pleadings and joinder of parties, to file their motions. Because the court believes that the request to amend smacks of undue delay and dilatory motive on the part of movants, it will deny Defendant Michael F. Simons', Simons Asset Management, L.L.C.'s and Promiseland Television Network, Inc.'s Motion for Extension of Deadline for Amendment of Pleadings and to Join Additional Parties (Doc. 28) and Michael F. Simons', Simons Asset Management, L.L.C.'s and Promiseland Television Network, Inc.'s Motion for Leave to Amend Pleadings and Join Additional Parties (Doc. 30).

## IV.    Plaintiff's Motions Pertaining to Summary Judgment

After filing a motion for partial summary judgment as to SAM on July 15, 2103, Plaintiff moved for leave to file a second motion for partial summary judgment as to Simons on August 21, 2013.  Local Rule of Civil Procedure 56.2(b) provides that "[u]nless otherwise directed by the presiding judge, or permitted by law, a party may file no more than one motion for summary judgment." This rule operates to "prevent[ ] the practice too prevalent before the Rule was adopted of circumventing the page limits on summary judgment motions by dividing arguments among several motions." *Home Depot U.S.A., Inc. v. Nation Fire Ins. Co. of Hartford*, 3:06-CV-0073-D, 2007 WL 1969752, at *2 (N.D. Tex. June 27, 2007).  The rule also prevents piecemeal litigation and second bites at the apple. *Id.*  In any event, "the court retains ultimate control," and, in its discretion, may allow a party to file a second motion for summary judgment. *Id.*

**Memorandum Opinion and Order –Page 12**

The court generally discourages and does not allow parties to file successive motions for summary judgment for the reasons stated.  Moreover, the dispositive motion deadline in this case does not expire until February 18, 2014.  Accordingly, to avoid piecemeal resolution of motions, the court will deny KTAQ of Dallas, LLC's Motion for Leave to File Motion for Partial Summary Judgment Against Defendant Michael F. Simons, Individually (Doc. 50).  The court will also deny without prejudice KTAQ of Dallas, LLC's Motion for Partial Summary Judgment Against Simons Asset Management, LLC (Doc. 34)    Plaintiff's first-filed summary judgment motion    so that Plaintiff can file one motion for summary judgment that includes all of its grounds for summary judgment against Defendants.

## V.    Conclusion

For the reasons explained, the court the court **denies** Michael F. Simons', Simons Asset Management, L.L.C.'s and Promiseland Television Network, Inc.'s Motion to Transfer Venue (Doc. 31); **denies** Defendant Michael F. Simons', Simons Asset Management, L.L.C.'s and Promiseland Television Network, Inc.'s Motion for Extension of Deadline for Amendment of Pleadings and to Join Additional Parties (Doc. 28); **denies** Michael F. Simons', Simons Asset Management, L.L.C.'s and Promiseland Television Network, Inc.'s Motion for Leave to Amend Pleadings and Join Additional Parties (Doc. 30); **denies** KTAQ of Dallas, LLC's Motion for Leave to File Motion for Partial Summary Judgment Against Defendant Michael F. Simons, Individually (Doc. 50); and **denies without prejudice** KTAQ of Dallas, LLC's Motion for Partial Summary Judgment Against Simons Asset Management, LLC (Doc. 34).

**It is so ordered** this 8th day of October, 2013.

Sam A. Lindsay
United States District Judge